IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRELL ROHEILA, *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MCKEESPORT AREA SCHOOL DISTRICT, *et al*, <br><br> *Defendants*. | Civil Action No. 2:22-cv-1230 <br><br> Hon. William S. Stickman IV <br> Hon. Cynthia Reed Eddy |

## ORDER OF COURT

Plaintiffs filed a Rule 60 Motion for Relief From Judgment (ECF No. 34) asking the Court to revisit its September 26, 2022 Memorandum Opinion and Order (ECF Nos. 31 and 32) denying their Motion for Entry of a Temporary Restraining Order and Preliminary Injunction (ECF No. 13). The motion contends that Defendants McKeesport Area School District and Woodland Hills School District misrepresented the number of students whose transportation issues had been resolved and those for whom bus or van transportation had yet to be restored. (ECF No. 34). Plaintiffs ask the Court to reconsider its September 26, 2022 Memorandum Opinion and Order and grant them the injunctive relief they sought. (*Id.*).

Defendant McKeesport Area School District argues that Fed. R. Civ. P. 60 ("Rule 60") is not the proper procedural vehicle for the relief sought by Plaintiffs. (ECF No. 38, pp. 1-2). It is correct. Rule 60(b) applies to *final* judgments or orders. The Court's denial of preliminary injunctive relief is, by definition, not final. Plaintiffs' Reply offers Fed. R. Civ. P. 54(b) ("Rule 54(b)") or Fed. R. Civ. P. 59(e) ("Rule 59(e)") as alternative grounds for relief. (ECF No. 39). These rules are also inapplicable. Rule 54(b) empowers a court to enter a partial final judgment

1

in certain limited circumstances, and Rule 59(e) governs motions to alter or amend a judgment. Notwithstanding the inapplicability of the rules cited by Plaintiffs, the Court will treat their motion as one for reconsideration and consider the merits of their request.

"The purpose of a Motion for Reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Lab'ys Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See Howard Hess Dental*, 602 F.3d at 251 (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal quotation marks omitted).

Plaintiffs' motion purports to demonstrate that Defendants misled the Court with respect to the students whose transportation had been restored. Defendants' filings acknowledge that the transportation situation remains dynamic and that circumstances have changed since the hearing and their previous filings. There is no question that facts relative to the students who were offered transportation at the time of the hearing and the Court's decision were not entirely accurate. Nevertheless, reconsideration of the September 26, 2022 Memorandum Opinion and Order is not warranted because those facts were not the basis for the Court's determination.

The Court's examination of which students were and were not being provided transportation by bus and van service was directed toward its threshold examination of which, if any, Plaintiffs had Article III standing. Critically, the question was whether—based on Defendants' representations about the restoration of service—the situation had changed such that the claims against one or both Defendants had become moot. The Court found that students in both school districts still had active claims and, therefore, proceeded to examine the merits of Plaintiffs' claims against both Defendants. Even if completely true, the facts alleged in Plaintiffs' instant motion do not change this determination.

The Court's substantive determination–that a temporary restraining order or a preliminary injunction was not warranted–was not based upon its factual determination of which Plaintiffs still had active claims. Rather, it was based on the Court's determination that under the current state of Pennsylvania law (including Pennsylvania appellate caselaw) Plaintiffs did not meet their burden of demonstrating a reasonable likelihood of success on the merits. The Court's analysis is set forth at length in its Memorandum Opinion and it will not be repeated here. None of the factual inaccuracies or developments cited by Plaintiffs in their motion implicate the issue upon which the Court's decision hinged. Reconsideration is not, therefore, appropriate.

AND NOW, this __21__ day of October 2022, IT IS HEREBY ORDERED that Plaintiffs' Rule 60 Motion for Relief from Judgment (ECF No. 34) is DENIED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE